# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: UPONOR, INC., F1960 PLUMBING FITTINGS
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2393

## ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a District of Minnesota action (*George*) seeks centralization of this litigation in the District of Minnesota; plaintiff requests transfer of all claims against Uponor related to F1960 brass fittings and separation and remand of all other claims. All involved homeowners support plaintiff's motion. Uponor/Wirsbo defendants[1] also support the motion but request that all claims related to the F1960 fitting be transferred, with the remaining non-F1960 claims separated and remanded. This litigation currently consists of nineteen actions pending in seven districts, as listed on Schedule A.[2] The Panel has been notified of four additional, potentially related actions, one of which (*Slaughter*) has been pending for over four years.

The positions of the responding parties vary somewhat, but most oppose centralization. Most responding defendants, which are various plumbing and supply defendants[3] other manufacturers, builders, or installers, oppose the motion and, alternatively, suggest the District of Nevada as the transferee forum. Manufacturer Rehau, Inc., requests that the Panel separate and remand the claims against it, if the Panel centralizes the litigation, or alternatively deny centralization. Manufacturer Vanguard/Viega[4] opposes centralization if the claims against them are not separated and remanded; these defendants also prefer Uponor's approach, if an MDL is created, of transferring all claims related to the F1960 product. Defendant D.R. Horton, Inc., opposes the motion and requests that, if the Panel is inclined to centralize the litigation that the entirety of the Nevada *Fulton Park* action be transferred to

---

[*] Judges John G. Heyburn II and Charles R. Breyer did not participate the decision of this matter.

[1] Uponor, Inc., Uponor North America, Inc., Wirsbo Company, and Uponor Wirsbo, Inc.

[2] An additional action pending in the Northern District of Texas was voluntarily dismissed during the briefing of this matter.

[3] Ferguson Enterprises, Inc.; HD Supply, Inc., HD Supply Waterworks, LP, and HD Supply Construction Supply LP; RCR Plumbing and Mechanical, Inc.; Interstate Plumbing & Air Conditioning, LLC and United Plumbing, LLC; Red-White Valve Corp.; Meritage Homes of Nevada, Inc.; Zenith of Nevada, Inc.

[4] Vanguard Piping Systems, Inc., Viega, Inc., Viega, LLC, VG Pipe LLC, Viega NA Inc. and Vanguard Industries, Inc.

the District of Nevada. More broadly, declaratory judgment plaintiffs U.S. Home Corp., Greystone Nevada, LLC, and Pulte/Centex entities[5] oppose centralization and, alternatively, suggest transfer of all actions in their entirety to the District of Nevada. Finally, defendant Richmond American Homes of Nevada, Inc., opposes centralization and, alternatively, suggests denying transfer of the Nevada *Seasons HOA* action.

Several practical considerations make the request to centralize only F1960 claims unworkable. Most fundamentally, this request rests on a factual assumption – that F1960 fittings are involved in every action – that requires the Panel to make a determination not apparent on the face of most complaints. Responding homeowners assert, in a chart in their responses and at oral argument, that all actions do contain claims regarding Uponor F1960 fittings. But very few complaints actually mention the F1960 standard. Instead, plaintiffs typically frame their complaints as broadly involving high zinc yellow brass fittings and other "attendant" components.[6] This focus on yellow brass fittings is unsurprising, given that half of the current actions were subject to the motion brought by homeowners in MDL No. 2321 – *In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 2012 WL 432528 (J.P.M.L. Feb. 9, 2012), in which we declined to centralize actions across the plumbing products industry involving allegedly defective plumbing products made from high zinc content yellow brass. The exceedingly general language that the homeowners employ in most actions to describe the defective components at issue makes it impossible in most cases to transfer "F1960 claims" and then separate and remand, pursuant to Section 1407(a), non-F1960 claims.[7]

Even assuming that we could separate and remand the non-F1960 claims, the proposed transfer may still double the forums in which numerous local defendants (which are often defendants in only a handful of actions) will have to litigate or, at a minimum, monitor. Using plaintiffs' figures (which are disputed, for instance, by U.S. Home Corp., which contends that its investigation revealed that no F1960 fittings were used in the development at issue in the District of Nevada *U.S. Home* action), ten of the yellow brass cases still involve other products made to other standards or by other manufacturers. Centralization may force many local defendants – builders, plumbers, suppliers – to prosecute their

---

[5] Del Webb Communities, Inc., Pulte Group, Centex Homes, PN II, Inc.

[6] Several complaints describe these "attendant" components as including: ball valves, pressure reducing valves, shut-off valves, angle stops, isolation valves, gate valves, recirculation pumps, swing check valves, ice box shut-off valves, washing machine box shut-off valves, and hose bibs.

[7] *Cf. In re Plumbing Fixture Cases,* 298 F.Supp. 484, 495 (J.P.M.L. 1968) ("A single claim for relief [] is separable by issues for trial under Rule 42 only if the entire action and all issues therein remain under control of one court (as distinguished from a judge of the one court). The reason is that, in federal civil procedure, the claim for relief is the irreducible legal unit for purposes of venue and jurisdiction by a single court at a particular time. This unitary concept of the claim for relief permits transfer of the claim for relief from one district court to another as in case of a transfer under Sections 1404(a), or 1407. But in no such separation and transfer is contemporaneous dual control by two or more district courts of a single claim for relief (or separate issues thereof) permissible in the federal system.").

- 3 -

indemnity claims against Uponor (or, with Uponor's proposed transfer, all claims relating to F1960 fittings) in the MDL, while still having to defend claims that they supplied, built homes with, or installed defective plumbing components involving (1) Uponor's fittings subject to other standards (F877 or F2080, which – according to homeowners – are present in four cases); (2) fittings of other manufacturers used in plumbing systems they sold, supplied or installed (six cases); and/or (3) other "attendant" high zinc content yellow brass fittings to which it is unclear what standards apply or whether additional defendants will be joined. Fragmentation of this litigation also will increase the risk that the involved courts will rule inconsistently on identical issues of state law, such as issues of compliance with Nevada's unique state pre-litigation statute regarding construction defects. The potential inefficiencies and inconvenience associated with centralizing this litigation, separating out F1960 claims (followed by, perhaps, litigating what claims were and were not transferred), and allowing other actions to proceed (or be stayed pending the outcome of the F1960 litigation) outweigh any possible benefits of, or added efficiencies to, resolving common claims regarding the F1960 fittings. Further complicating matters, some defendants suggest there may be interaction among the F1960 fittings and the other fittings, such that separating the F1960 from the rest of the plumbing system components may be unduly prejudicial.

Centralization is not a cure-all for every group of complicated cases. The actions here are in distinct procedural postures, and most of the advanced actions seem to be progressing well in the District of Nevada before Chief Judge Robert C. Jones. Movant and the responding parties have failed to convince us that Section 1407 transfer of F1960 claims will benefit the parties and witnesses, or that centralization will produce sufficient clarity or efficiency in this already complicated litigation to outweigh the added inconvenience, confusion and cost that would be imposed on numerous parties.

In sum, considering the papers filed and hearing session held, we are not persuaded that centralization of these actions would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. As we noted in *In re Yellow Brass*, voluntary coordination and cooperation among the parties (particularly the homeowners, a significant number of which are represented by the same group of counsel) and the involved judges is a preferable alternative to centralization. Though we are denying centralization, we nevertheless reiterate our encouragement to the parties to pursue such cooperative measures and minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

- 4 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Barbara S. Jones
Paul J. Barbadoro            Marjorie O. Rendell

**IN RE: UPONOR, INC., F1960 PLUMBING FITTINGS**
**PRODUCTS LIABILITY LITIGATION**                              MDL No. 2393

## SCHEDULE A

### Central District of California

Anthony Nguyen, et al. v. Viega Inc., et al., C.A. No. 2:11-10256

### Southern District of Illinois

James Winters, et al. v. Uponor, Inc., et al., C.A. No. 3:12-00116
Charles Gibbs, et al. v. Uponor Corporation, et al., C.A. No. 3:12-00290

### District of Minnesota

Tim George v. Uponor, Inc., et al., C.A. No. 0:12-00249

### District of Nevada

Solera at Anthem Community Association, Inc. v. Del Webb Communities, Inc.,
    C.A. No. et al. 2:11-00425
Fulton Park Unit Owners' Association v. PN II, Inc., C.A. No. 2:11-00783
Robert Wolinsky, et al. v. Carina Corporation, C.A. No. 2:11-00830
Greystone Nevada, LLC v. Fiesta Park Homeowners' Association, C.A. No. 2:11-01422
Greystone Nevada, LLC, et al. v Anthem Highlands Community Association,
    C.A. No. 2:11-01424
U.S. Home Corporation v. Parker-Hansen, et al., C.A. No. 2:11-01426
Waterfall Homeowners Association et al v. Viega, Inc., et al., C.A. No. 2:11-01498
Charleston and Jones, LLC, et al. v. Uponor, Inc., et al., C.A. No. 2:11-01637
The Seasons Homeowners Association, Inc. v. Richmond American Homes of Nevada, Inc., C.A. No.
    2:11-01875
Lamplight Square at Green Valley Homeowners' Association v. Greystone Nevada LLC,
    et al., C.A. No. 2:12-00002
Southern Terrace Homeowners Association v. Viega, Inc., et al., C.A. No. 2:12-00206
Anthem Highlands Community Association v. Viega, Inc., et al., C.A. No. 2:12-00207

### Western District of Oklahoma

Susan Shons, et al. v. Wirsbo Company, et al., C.A. No. 5:12-00087

- A2 -

District of Oregon

Association of Unit Owners of East Village at Orenco Station, a Condominium v. Uponor Inc., et al.,
    C.A. No. 3:11-01169

Middle District of Pennsylvania

Maria Fofi et al v. Uponor, Inc., et al., C.A. No. 3:12-00151