1   Gregory H. King, NV Bar No. 7777
    ghk@paynefears.com
2   Sarah J. Odia, NV Bar No. 11053
    sjo@paynefears.com
3   PAYNE & FEARS LLP
    Attorneys at Law
4   7251 W. Lake Mead Blvd., Suite 525
    Las Vegas, NV 89128
5   Telephone: (702) 382-3574
    Facsimile: (702) 382-3834
6
    Richard S. Ruben, *admitted pro hac vice*
7   rruben@jonesday.com
    Darren K. Cottriel, *admitted pro hac vice*
8   dcottriel@jonesday.com
    JONES DAY
9   3161 Michelson Drive
    Suite 800
10  Irvine, CA  92612.4408

11  Attorneys for Defendants
    GREYSTONE NEVADA, LLC and U.S.
12  HOME CORP.

13              **UNITED STATES DISTRICT COURT**

14                  **DISTRICT OF NEVADA**

15  FULTON PARK UNIT OWNERS'              CASE NO.:    2:11-cv-00783-NDF-MLC
    ASSOCIATION, a Nevada non-profit
16  community association, individually and in its   Consolidated with:
    representative capacity, LEON TURNER, an         Case No.: 2:08-cv-1223,
17  individual, individually and in his              Case No.: 2:11-cv-00783;
    representative capacity; MICHAEL                 Case No.: 2:11-cv-00812;
18  CROWDER, an individual, individually and         Case No.: 2:11-cv-00830;
    in his representative capacity; TRICIA           Case No.: 2:11-cv-1498;
19  CROWDER, an individual, individually and         Case No.: 2:12-cv-00206;
    in her representative capacity; RAINA            Case No.: 2:12-cv-00207;
20  MUSSER, an individual, individually and in       Case No.: 2:12-cv-00002;
    her representative capacity; DOE                 Case No.: 2:11-cv-00425
21  HOMEOWNER/CONDOMINIUM/
22  COMMUNITY ASSOCIATIONS 1-10,000;       **DEFENDANTS GREYSTONE NEVADA,**
    DOE HOMEOWNERS 1 – 250,000,            **LLC'S AND U.S. HOME CORP.'S**
23                                         **OPPOSITION TO PLAINTIFFS'**
                                           **MOTION FOR LEAVE TO FILE AN**
24             Plaintiffs,                 **AMENDED CONSOLIDATED**
                                           **COMPLAINT AGAINST NON-UPONOR**
25         vs.                             **DEFENDANTS (Doc. 84)**

26  PN, II, INC. d/b/a/ PULTE HOMES OF
    NEVADA, a Nevada corporation; D.R.
27  HORTON, INC., a Delaware corporation;
    ROE INDIVIDUALS 1-10,000, individuals;
28  ROE BUSINESS or GOVERNMENT

                                  1

1
2
3
4
5

ENTITIES 10,001 – 20,000, including
Nevada corporations,

Defendants.

AND CONSOLIDATED CASES

6        COME NOW Defendants GREYSTONE NEVADA, LLC and U.S. HOME CORP., by

7   and through their counsel, PAYNE & FEARS LLC and JONES DAY, and file their opposition to

8   plaintiffs' motion for leave to file an amended complaint against the non-Uponor defendants

9   (Doc. 84).

10       This Opposition is made and based upon the following memorandum of points and

11  authorities, the Court records and pleadings filed in this matter, and any oral argument adduced

12  by counsel at the hearing on this matter.

13
14  Dated: January 31, 2014                    Respectfully submitted,

15
16                                             By:/s/ Richard S. Ruben

17                                             Richard S. Ruben
                                               Nevada Bar No. 67364
18                                             Jones Day
                                               3161 Michelson Drive
19                                             Suite 800
                                               Irvine, CA  92612.4408
20
                                               Attorneys for Defendants
21                                             GREYSTONE NEVADA, LLC AND U.S.
                                               HOME CORP.
22
23
24
25
26
27
28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

Through the instant motion for leave to amend (the "Motion") (Doc.84), plaintiffs seek a

4 third bite at the class certification apple.  Following extensive briefing and argument on class

5 certification, the Court denied certification altogether as to defendants Greystone Nevada, LLC

6 and U.S. Home Corp. (collectively, "Greystone") and the other non-Uponor defendants.  In

7 denying certification, the Court found that plaintiffs failed to establish commonality, and ordered

8 as follows:

9
  - "[A]ll claims brought by homeowner Plaintiffs, seeking to represent others

10     similarly situated, against all non-Uponor Defendants are DISMISSED WITH

11     PREJUDICE."

12
  - "[A]ll claims brought by common interest community Plaintiffs owning

13     community property, seeking to represent other common interest communities

14     similarly situated, against all non-Uponor Defendants are DISMISSED WITH

15     PREJUDICE."

16
  - "[A]ll non-class claims brought by homeowner Plaintiffs in their individual

17     capacities and all non-class claims alleging common constructional defects within

18     a single development shall … be adjudicated in [this] new lead case…."

19
  - "Within thirty (30) days from the date of this order, Plaintiffs alleging [non-class]

20     claims against non-Uponor Defendants shall file an Amended Complaint….

21     Neither new parties nor new claims may be added without leave of Court."

22 (Memorandum Opinion and Order Containing Findings of Fact and Conclusions of Law Granting

23 in Part and Denying in Part Plaintiffs' Motion to Certify Class ("Certification Order," Dkt. No.

24 1206 in 2:08-cv-1223, filed Nov. 27, 2013), at 58-63 (emphasis in original).)

25
  As a preliminary matter, dismissal with prejudice requires that a subsequent motion for

26 leave to amend as to the dismissed claims be denied.  *Schmier v. U.S. Court of Appeals for Ninth*

27 *Circuit*, 279 F.3d 817, 824 (9th Cir. 2002).  If plaintiffs wish to challenge the dismissals with

28

1

1  prejudice, their remedy is to seek appellate or writ review, not simply to ignore them and proceed

2  as if the dismissals were without prejudice.

3        Plaintiffs subsequently moved for "clarification and/or reconsideration" of the

4  certification order.  (Dkt. No. 1211 in 2:08-cv-1223, filed Dec. 24, 2013.)  Plaintiffs noted that

5  "the order appears to dismiss with prejudice the individual-homeowner Plaintiffs' class claims

6  against the non-Uponor Defendants in their entirety."  (*Id.*, at 3.)  Plaintiffs then "ask[ed] this

7  Court to clarify that the order does not foreclose the individual-homeowner Plaintiffs' ability to

8  pursue claims against the non-Uponor Defendants, including their contractors, for similarly

9  situated individuals within their own developments."  (*Id.*)

10        In response, the Court restated that it "dismissed with prejudice ***all*** class claims brought

11  against ***all*** non-Uponor Defendants."  (Order on Plaintiffs' Motion for Clarification

12  ("Clarification Order," Dkt. No. 1223 in 2:08-cv-1223, filed Jan. 22, 2014), at 2 (emphasis

13  added).)  "Further, the Court [again] admonished Plaintiffs that the amended complaint may not

14  add new parties or new claims without leave of Court."  (*Id.*)  "To avoid further confusion," the

15  Court even went so far as to list each plaintiff that may be included in the amended complaint.

16  (*Id.*, at 3.)  As the Court noted, Lamplight Square at Green Valley HOA ("Lamplight") is the only

17  plaintiff that may assert claims against Greystone in the amended complaint.  (*Id.*)

18        Despite the clear language of the certification order, in which the Court expressly

19  dismissed with prejudice all class claims against all non-Uponor defendants and ordered that no

20  new parties or claims may be added to the amended complaint, and notwithstanding the clear

21  language of the clarification order, in which the Court reiterated its certification ruling and

22  specifically listed each plaintiff that may assert claims in the amended complaint, plaintiffs now

23  seek leave to assert class claims, add new plaintiffs, and add new claims (including claims that

24  were dismissed with prejudice) in the amended complaint.  Plaintiffs wholly ignore their failure to

25  comply with the Court-ordered deadline for amendment.

26      **A.**    **PLAINTIFFS FAILED TO TIMELY FILE AN AMENDED COMPLAINT**

27        The Court ordered plaintiffs to file an amended complaint against the non-Uponor

28  defendants within 30 days from the date of the certification order.  (*See* Certification Order, at

63.)  The certification order is dated November 27, 2013, so the amended complaint was due by

December 27, 2013.  (*Id.*)  On December 24 (three days before the amendment deadline),

plaintiffs moved for clarification and/or reconsideration of the certification order.  In that motion,

plaintiffs acknowledged the December 27 amendment deadline and indicated they would timely

file an amended complaint.  (Plaintiffs' Motion for Clarification and/or Reconsideration of Class

Certification Order ("Clarification Motion," Dkt. No. 1211 in 2:08-cv-1223, filed Dec. 24, 2013),

at 3 fn. 1 ("The Court's order requires Plaintiffs to file the Amended Complaint against the non-

Uponor Defendants **later this week**.  This Amended Complaint will comport with Plaintiffs'

current understanding of the Court's order regarding the individual homeowners Plaintiffs' [sic]

class claims against the non-Uponor Defendants." (emphasis added)).

Plaintiffs, however, did not file an amended complaint by December 27.  They filed

nothing until January 17, 2014, when they filed the instant motion for leave to amend.  In their

Chapter 40 status report, plaintiffs claim to have "inadvertently missed the Court's deadline to file

[the status report] due to a calendaring error."  (Plaintiffs' Status Report as to Chapter 40

Compliance for Non-Uponor Defendants (Dkt. No. 1219 in 2:08-cv-1223, filed Jan. 17, 2014), at

2 fn. 1.)  They do not make the same assertion with respect to the amended complaint – because

they can't.  Plaintiffs acknowledged the deadline in their clarification motion and stated that they

would comply.  (Clarification Motion, at 3 fn. 1.)  Instead, they chose to ignore the Court's order,

and have provided no explanation for their failure to comply.

### B.  PLAINTIFFS IMPROPERLY INCLUDE CLASS ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT

In contravention of the Court's certification and clarification orders, plaintiffs continue to

try to assert class claims against Greystone and the other non-Uponor defendants.  Indeed, the

class definition in the proposed amended complaint is virtually identical to that in the third

amended complaint in *Slaughter* [*Hartmann*]:

> The class consists of all similarly-situated homeowners and
> Nevada common-interest communities, as statutory claimants on
> behalf of themselves and their members (residence owners), and
> others in the Las Vegas Valley whose residences, or whose
> members' residences, contain or contained the defective high-zinc

3

1
2
3
4

> content yellow brass (i.e., brass containing 30% or more zinc by weight) plumbing components manufactured to be in conformance with ASTM F877, F1960 and/or F2080 and designed, developed, manufactured for and/or distributed by Uponor Corp., Uponor, Inc., Wirsbo Company, and/or Uponor Wirsbo Company … and who have completed the NRS Chapter 40 process.

5   (*See* [Proposed] Amended Complaint Against Non-Uponor Defendants ("PAC," Dkt. No. 87,

6   filed Jan. 17, 2014), ¶ 122.)  Plaintiffs also purport to assert their substantive claims on class wide

7   bases.  (*See* PAC, ¶¶ 132, 157, 165, 175, 196, 206, 214, 225.)  Plaintiffs ignore the Court's order

8   "dismiss[ing] with prejudice all class claims brought against all non-Uponor Defendants."  (*See*

9   Clarification Order, at 2; Certification Order, at 63.)  This alone requires that leave to amend be

10   denied.  *See Schmier*, 279 F.3d at 824.

11   **C.    PLAINTIFFS IMPROPERLY INCLUDE NEW PARTIES AS AGAINST**
12   **GREYSTONE IN THE PROPOSED AMENDED COMPLAINT**

13          Lamplight was the only plaintiff that asserted claims against Greystone in the third

14   amended complaint in *Slaughter*.  (*See* Dkt. No. 741, filed March 14, 2013.)  Lamplight was the

15   only plaintiff that attempted to certify claims against Greystone in *Slaughter*.  (*See* Amended

16   Motion for Class Certification (Dkt. No. 692, filed Jan. 28, 2013).)  In denying certification, the

17   Court ordered that no new parties may be included in the amended complaint.  (Certification

18   Order, at 63.)  The Court even specifically identified Lamplight as the only party that may assert

19   claims against Greystone in the amended complaint.  (Clarification Order, at 3.)  Regardless,

20   plaintiffs include in the PAC claims against Greystone by Anthem Highlands Community

21   Association ("Anthem") and Fiesta Park Homeowners' Association ("Fiesta Park").[1]  (PAC,

22   ¶¶ 103-18.)  Plaintiffs' argument that this is necessary to reconcile this Court's rulings with Judge

23   Jones' prior rulings, (*see* Motion, at 6-7), ignores both the facts and the law, as discussed below.

24   ///

25   ///

26

27          [1] As discussed *infra*, to avoid duplicative litigation, Anthem's and Fiesta Park's remaining claims against Greystone, to the extent not already foreclosed, should only be litigated in the *Greystone Nevada, LLC, et al. v. Anthem Highlands Community Association* action (Case No. 1424-RCJ-CWH), not *Fulton Park*.

28

4

**D.    PLAINTIFFS IMPROPERLY INCLUDE NEW CLAIMS AS AGAINST GREYSTONE IN THE PROPOSED AMENDED COMPLAINT, INCLUDING CLAIMS THAT HAVE ALREADY BEEN DISMISSED**

In separate lawsuits consolidated as *Greystone Nevada, LLC, et al. v. Anthem Highlands Community Association*, Case No. 1424-RCJ-CWH, Greystone sued the Anthem and Fiesta Park HOAs for declaratory relief, injunctive relief, and to compel arbitration based on arbitration provisions in home purchase agreements.  In response, Anthem and Fiesta Park asserted their substantive claims against Greystone as counterclaims.  Those substantive counterclaims included claims for strict products liability, negligent misrepresentation, and violation of Nevada's Deceptive Trade Practices Act.  The Court dismissed each of these claims against Greystone.

The Court dismissed with prejudice the strict products liability claim because the economic loss doctrine and the Nevada Supreme Court's decision in *Calloway v. City of Reno*, 993 P.2d 1259, 1272 (Nev. 2000), preclude such claims.  The Court held that "strict liability is not available based upon property damage to the building itself due to a defective component of the building itself."  (Order (Dkt. No. 75 in 2:11-cv-1424, filed July 9, 2012), at 11-12.)  Anthem and Fiesta Park sought reconsideration of this ruling, but their motion was denied.  (Dkt. No. 156 in 2:11-cv-1424, filed Jan. 14, 2013.)  Such dismissal with prejudice further requires that leave to amend be denied here.  *See Schmier*, 279 F.3d at 824.

The Court dismissed the negligent misrepresentation claim for lack of particularity. (Order (Dkt. No. 75 in 2:11-cv-1424, filed July 9, 2012), at 11.)  The negligent misrepresentation claim in the PAC is virtually identical to the claim the Court previously dismissed.  They both lack the requisite detail regarding misrepresentations allegedly made by Greystone.  (*See id*.)

The Court dismissed the Deceptive Trade Practices Act claim after plaintiffs withdrew the claim as against Greystone.  (Order (Dkt. No. 156, filed Jan. 14, 2013), at 8.)  In response to Greystone's motions to dismiss, Anthem and Fiesta Park conceded the claim as fatally insufficient and "agreed to voluntarily withdraw [their] deceptive trade practices claim (fifth cause of action) against [Greystone]."  (Dkt. No. 55 in 2:11-cv-1424, filed Apr. 30, 2012, at 27.) Ignoring these dismissals and the Court's orders not to assert any new claims, plaintiffs re-assert

1    each of these claims by Anthem and Fiesta Park against Greystone in the PAC.[2]  (*See* PAC,

2    ¶¶ 159-66, 180-200, 210-17.)  Plaintiffs' blanket reliance on Rule 15's liberal amendment policy

3    provides no explanation (and certainly no good cause) as to why these additional claims are

4    permissible in light of the Court's express rulings.

5           In addition, following the Court's substantive dismissals of these counterclaims, the Court

6    dismissed the remainder of Anthem's and Fiesta Park's counterclaims in *Greystone* for claim-

7    splitting.  The Court "specifically ordered [Anthem and Fiesta Park] to include [their remaining

8    claims] in the TACCAP in the *Slaughter* case if they wished to maintain them.  If they wish to

9    abandon the claims altogether, that is [their] decision…."  (Order (Dkt. No. 189 in 2:11-cv-1424,

10   filed May 28, 2013), at 6.)  Anthem and Fiesta Park never asserted those claims in *Slaughter*, nor

11   did they seek to certify them.  As a result, they are foreclosed from asserting them now.  (*See id*.)

12          Even if Anthem and Fiesta Park were not so foreclosed, any remaining claims against

13   Greystone must be litigated in *Greystone*, not *Fulton Park*.  In dismissing the remaining

14   counterclaims for claim-splitting, the Court determined that, because class claims relating to

15   construction defects were "already brought directly in the *Slaughter* cases by the same attorneys

16   representing the same putative class," they should not also be litigated in *Greystone*.  (*Id*.)  Of

17   course, the class claims in *Slaughter* have been dismissed with prejudice.  In other words, there

18   no longer is a risk of claim-splitting and, to the extent not already foreclosed, Anthem and Fiesta

19   Park must assert any remaining claims in *Greystone* to avoid duplicative litigation.

20          One of the issues that still must be decided in *Greystone* (regardless of what happens to

21   Anthem's and Fiesta Park's remaining counterclaims) is whether Anthem and Fiesta Park have

22   complied with the pre-litigation requirements of Chapter 40.  Chapter 40 compliance (and the

23   proper scope of inspection rights) is a threshold issue with respect to both Greystone's affirmative

24   claims for declaratory relief and Anthem's and Fiesta Park's substantive counterclaims.  The

25   Court previously denied without prejudice Greystone's motions to dismiss for failure to comply

26   with Chapter 40, but ordered the HOAs to permit Greystone access to inspect homes covered by

27

28   [2] Plaintiffs' repeated efforts to ignore the Court's orders and the legal effect of the dismissals with prejudice is sanctionable under Rule 11 for lack of authority and proper purpose.

1    Chapter 40 notices.  (*See, e.g*., Order (Dkt. No. 75, filed July 9, 2012), at 10.)  Plaintiffs still have

2    not provided such access, and the issue remains unresolved.  But Anthem's and Fiesta Park's

3    compliance with Chapter 40, or lack thereof, still must be determined in *Greystone* given

4    Greystone's declaratory relief claims.

5            If Anthem and Fiesta Park are allowed to assert their substantive claims against Greystone

6    in *Fulton Park*, the issue of Chapter 40 compliance for those developments also will have to be

7    litigated in *Fulton Park*.  In other words, if Anthem and Fiesta Park are allowed to assert claims

8    against Greystone in *Fulton Park*, the proper scope and extent of their compliance with Chapter

9    40 will have to be determined in both *Greystone* and *Fulton Park*.  For obvious reasons, such

10   duplicative litigation cannot be allowed.

11           Now that the class claims against Greystone have been dismissed with prejudice in

12   *Slaughter*, the claim-splitting justification for dismissing Anthem's and Fiesta Park's remaining

13   counterclaims in *Greystone* no longer exists.  Indeed, it now would constitute claim-splitting to

14   permit Anthem and Fiesta Park to assert their claims against Greystone in *Fulton Park*.  Chapter

15   40 compliance for Anthem and Fiesta Park must be determined in *Greystone*.  To the extent

16   Anthem and Fiesta Park are allowed to re-assert their remaining claims against Greystone at all,

17   (*see* Order (Dkt. No. 189 in 2:11-cv-1424, filed May 28, 2013), at 6), they should only be allowed

18   to do so in *Greystone* so as to avoid duplicative litigation.

19   **II.     ARGUMENT**

20           **A.     APPLICABLE STANDARDS**

21           Plaintiffs cite generally to Rule 15's liberal amendment policy as the sole support for the

22   instant motion.  (*See* Motion, Doc. 84 at 7-8.)  Plaintiffs ignore the fact that failing to file an

23   amended complaint by a court-ordered deadline, in and of itself, constitutes grounds for denial of

24   a late-filed motion for leave to amend.  *See, e.g., Spahr v. Anderson*, 2013 WL 5427975, *3 (D.

25   Nev. Aug. 15, 2013) (magistrate's report and recommendation to deny plaintiff's untimely motion

26   for leave to amend), recommendation adopted by *Spahr v. Anderson*, 2013 WL 5428759 (D. Nev.

27   Sep 25, 2013); *Allums v. Dep't of Homeland Sec.*, 2013 U.S. Dist. LEXIS 156550, *5 FN 1 (N.D.

28   Cal. Oct. 31, 2013) (dismissing plaintiff's amended complaint as untimely and denying leave to

amend ("The Court ordered Plaintiff to file any Amended Complaint by September 13, 2013; Plaintiff, however, did not file his Amended Complaint until September 25, 2013. Plaintiff provides no explanation for the delay.")). The *Spahr* Court held that a court-ordered amendment deadline trumps the liberality of Rule 15, particularly where the plaintiff failed to explain why he ignored the court's order – just as plaintiffs have failed to do here. *See Spahr*, 2013 WL 5427975 at *3 ("Despite the court's clear language, which requires no legal training to interpret, Plaintiff waited until [after the court-ordered deadline] to seek leave to amend, giving no credible explanation for his failure to file an amended complaint addressing the deficiencies pointed out in the screening order.").

An order imposing a deadline by which to amend is analogous to a Rule 16 Scheduling Order, requiring a showing of good cause to justify amendment. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (late-filed motion for leave to amend is governed by "good cause" standard, which focuses on diligence of party seeking amendment, not "liberal amendment policy" of Rule 15). The Court should permit amendment only where the party seeking leave demonstrates the filing deadline "cannot reasonably be met despite the diligence of the [moving] party." *Id.* at 609 (internal citations omitted). "[T]he focus of the inquiry is upon the moving party's reasons for [failing to meet the deadline]. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

**B. PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED**

The liberal amendment policy of Rule 15 does not apply here. Given the Court-ordered amendment deadline, plaintiffs' motion for leave to amend is governed by the good cause standard. *See Johnson*, 975 F.2d 604, 608-09. Plaintiffs have not attempted to and cannot establish good cause for the proposed amendment. They make no attempt to explain their failure to comply with the amendment deadline nor do they offer any evidence of diligence. Rather, plaintiffs style their motion for leave to amend as if the deadline never existed.

Plaintiffs acknowledged the December 27 amendment deadline in their motion for clarification, clearly stating that they would timely file an amended complaint. (Motion for Clarification, at 3 fn. 1.) At no time have plaintiffs claimed they were somehow unable to

1   comply with the deadline.  They do not argue that the deadline imposed any sort of hardship, nor

2   do they offer any evidence of their diligence.[3]  In their motion for leave to amend, plaintiffs do

3   not address the deadline or their failure to comply whatsoever.  As a result, plaintiffs cannot

4   establish the requisite good cause, and "the inquiry should end."  *See Johnson*, 975 F.2d 604, 609;

5   *Spahr*, 2013 WL 5427975 at *3 ("Despite the court's clear language, which requires no legal

6   training to interpret, Plaintiff waited until [after the court-ordered deadline] to seek leave to

7   amend, giving no credible explanation for his failure to file an amended complaint").

8          Even if plaintiffs had met the deadline, the PAC contradicts the Court's express (and

9   repeated) orders and instructions.  The Court dismissed with prejudice all class claims against all

10  non-Uponor defendants.  (Certification Order, at 58-63; Clarification Order, at 2.)  Plaintiffs

11  include in the PAC class allegations and class claims against the non-Uponor defendants.  (PAC,

12  ¶¶ 122, 132, 157, 165, 175, 196, 206, 214, 225.)  The Court ordered that plaintiffs may not add

13  new parties in the amended complaint, and even identified Lamplight as the only plaintiff that

14  may assert claims against Greystone.  (Certification Order, at 63; Clarification Order, at 2-3.)

15  Plaintiffs include two new parties – Anthem and Fiesta Park – asserting claims against Greystone

16  in the PAC.  (PAC, ¶¶ 103-18.)  The Court ordered that plaintiffs may not add new claims in the

17  amended complaint.  (Certification Order, at 63; Clarification Order, at 2-3.)  Plaintiffs include

18  three new claims against Greystone in the PAC, (PAC, ¶¶ 159-66, 180-200, 210-17), claims that

19  were previously dismissed by this Court.  (July 9, 2012 Order, at 11-12; Jan. 14, 2013 Order, at

20  8.)

21         Even if Rule 15's liberal amendment policy applied here, which it does not, *see Johnson*,

22  975 F.2d 604, 608-09; *Spahr*, 2013 WL 5427975 at *3, that policy does not allow plaintiffs to

23  circumvent the Court's orders.  Plaintiffs have not attempted to and cannot establish good cause

24  for their proposed amendment.  *Id.*  And plaintiffs' attempt to amend to include claims that have

25  been dismissed with prejudice is impermissible as a matter of law.  *See Schmier*, 279 F.3d at 824.

---

26  [3] To the extent plaintiffs attempt to offer such evidence for the first time on reply, as they

27  have done with respect to other motions in this case (including their motion for class
    certification), that is impermissible.  *See, e.g., Tara Minerals Corp. v. Carnegie Mining &
    Exploration, Inc.*, No. 11-CV-01816, 2012 WL 2860702, at *1 (D. Nev. July 11, 2012) ("It is

28  impermissible to introduce new arguments or evidence in a reply brief.").

1    Plaintiffs are not entitled to a third bite at the class certification apple.  The Court could

2  hardly have been clearer in its certification and clarification orders.  Plaintiffs' latest attempt to

3  end-run around those orders should not be countenanced.

4  **III.    CONCLUSION**

5    For all of the foregoing reasons, Greystone requests that the Court deny plaintiffs' motion

6  for leave to amend.  To the extent leave is granted, Greystone will respond substantively to the

7  claims alleged in the new complaint at that time.

8

9  Dated: January 31, 2014                          Respectfully submitted,

10

11                                               By:*/s/ Richard S. Ruben*

12                                               Richard S. Ruben
                                                 Nevada Bar No. 67364
                                                 Jones Day
13                                               3161 Michelson Drive
                                                 Suite 800
14                                               Irvine, CA  92612.4408

15                                               Attorneys for Defendants
16                                               GREYSTONE NEVADA, LLC AND U.S.
                                                 HOME CORP.

17  IRI-59179v1

18  4840-3862-7096.1

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on January 31, 2014, I served a true and correct copy of the above and

4   foregoing, **DEFENDANTS GREYSTONE NEVADA, LLC'S AND U.S. HOME CORP.'S**

5   **OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED**

6   **CONSOLIDATED COMPLAINT AGAINST NON-UPONOR DEFENDANTS (Doc. 84)**

7   was made this date by electronic transmission through the court's CM/ECF program.

8

9

10

11                                    */s/ Nancy Babas*
                                      An Employee of PAYNE & FEARS LLP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28