| | |
|---|---|
| 1 | ROBERT C. CARLSON, ESQ. |
|   | Nevada Bar No. 8015 |
| 2 | JASON W. WILLIAMS, ESQ. |
|   | Nevada Bar No. 8310 |
| 3 | KOELLER NEBEKER CARLSON & HALUCK, LLP |
|   | 300 South Fourth Street, Suite 500 |
| 4 | Las Vegas, NV  89101 |
|   | Phone:  (702) 853-5500 |
| 5 | Fax:  (702) 853-5599 |
|   | Attorneys for Defendant |
| 6 | *PN II, Inc., d/b/a Pulte Homes of Nevada,* |
|   | *Pulte Building Systems, LLC, Del Webb* |
| 7 | *Communities, Inc., and Centex Homes* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FULTON PARK UNIT OWNERS' ASSOCIATION, a Nevada non-profit community association, individually and in its representative capacity; LEON TURNER, an individual, individually and in his representative capacity; MICHAEL CROWDER, , an individual, individually and in his representative capacity; TRICIA CROWDER, , an individual, individually and in her representative capacity; LISA LYNN, , an individual, individually and in her representative capacity; RAINA MUSSER, , an individual, individually and in her representative capacity;  LINDA TRIMMER, an individual, individually and in her representative capacity; DOE HOMEOWNER/CONDOMINIUM/ COMMUNITY ASSOCIATIONS 1-10,000; DOE HOMEOWNERS 1-250,000,<br><br>Plaintiffs,<br><br>vs.<br><br>PN II, INC. d/b/a/ PULTE HOMES OF NEVADA, a Nevada Corporation; D.R. HORTON, INC., a Delaware corporation; WIRSBO COMPANY, an Illinois corporation; UPONOR WIRSBO COMPANY, an Illinois company; UPONOR, INC., an Illinois corporation; UPONOR CORPORATION, a Finnish corporation; UPONOR NORTH AMERICA, INC., a Delaware corporation; ROE INDIVIDUALS 1-10,000, individuals; ROE BUSINESS or GOVERNMENTAL ENTITIES 1-10,000, including Nevada corporations; ROE INDIVIDUALS 10,001-20,000 and ROE BUSINESS or GOVERNMENTAL ENTITIES 10,001-20,000, including Nevada corporations,<br><br>Defendants. | CASE NO. 2:11-cv-00783- NDF-MLC<br><br>**CONSOLIDATED WITH:**<br>**2:11-cv-01223**<br>**2:11-cv-00812**<br>**2:11-cv-00830**<br>**2:11-cv-01498**<br>**2:11-cv-01875**<br>**2:11-cv-00206**<br>**2:11-cv-00207**<br>**2:11-cv-00002**<br>**2:11-cv-00425**<br><br>**DEFENDANTS PN II, INC., dba PULTE HOMES OF NEVADA, PULTE BUILDING SYSTEMS, LLC, DEL WEBB COMMUNITIES, INC. AND CENTEX HOMES' MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFFS' AMENDED COMPLAINT** |

**DEFENDANTS PN II, INC., dba PULTE HOMES OF NEVADA, PULTE BUILDING SYSTEMS, LLC, DEL WEBB COMMUNITIES, INC. AND CENTEX HOMES' MOTION TO STRIKE CLASS ALLEGATIONS**

COME NOW DEFENDANTS, PN II, INC., d/b/a PULTE HOMES OF NEVADA, PULTE BUILDING SYSTEMS, LLC, DEL WEBB COMMUNITIES, INC., and CENTEX HOMES (hereinafter, collectively "Pulte" or "Defendants"), by and through their counsel of record, Koeller, Nebeker, Carlson & Haluck, LLP, and submit this Motion to Strike Class Allegations.

This Motion and the relief requested thereon is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other and further evidence as may be allowed by this Honorable Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ARGUMENT

#### A. Motion to Strike Standard.

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. "Pleadings" as defined by the Federal Rules, include a complaint Fed. R. Civ. P. 7. The purpose of a motion to strike is to avoid litigating "spurious issues" by dispensing with them prior to trial. *Sidney-Vinstein v. AH Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citations omitted).

#### B. The Court should strike Paragraphs 122-131 of the Amended Complaint because Class Allegations were Adjudicated and Denied.

The Court dismissed the class claims raised in the Amended Complaint against the non-Uponor defendants by way of its Order dated November 27, 2013: "Plaintiffs Amended Motion to Certify Class [Doc. No. 691] is DENIED as to all non-Uponor Defendants." *Order*, Docket 1206, Page 63 ¶ 2. As a result of the ruling, the Court ordered the Plaintiffs to adjudicate all remaining claims in *Fulton Park*. *Id.* Yet the Amended Complaint in *Fulton Park* contains identical class allegations contrary to the Order, which provided a host of reasons why Plaintiffs' claims are not suitable for class adjudication.

For example, "The truth or falsity of claims relating to the non-Uponor Defendants, particularly those concerning Chapter 40 compliance by Plaintiffs and unnamed homeowners, are non susceptible to common proof which would be capable of resolving an issue that is central to the validity of each one of the claims in one stroke." *Order* Page 61, ¶ 2. The Court also cited questions regarding statutes of limitation, settled homeowners, homeowners who did not respond to development-wide notices sent by builders, notice to subsequent purchasers, and the inherent nature of many claims (such as violations of the Nevada Deceptive Trade Practices Act) to require individualized inquiries into reliance, for example, as evidence that these claims will never be susceptible to common proof to meet the requirements of Rule 23. *Id.* at Pages 58-60.

As a result of this Court's ruling, and the nature of the case as one requiring individual inquires such that the requirements of Rule 23 can never be met, Pulte respectfully requests that the Court strike all class allegations from the Amended Complaint, Paragraphs 122-131, in conformity with its prior Order and the fact that issues related to Chapter 40 compliance and the causes of action raised by Plaintiffs have not changed since the ruling. *Order*, Docket 1206, on file herein; Fed. R. Civ. P. 12(f) (motions to strike for redundant matters).

## III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court strike all class allegations from Plaintiffs' Amended Complaint.

DATED this 13th day of March, 2014.

          KOELLER, NEBEKER, CARLSON
          & HALUCK, LLP

        By: _____
          JASON W. WILLIAMS, ESQ.
          Nevada Bar No. 8310
          300 South Fourth Street, Suite 500
          Las Vegas, NV  89101
          *Attorneys for Defendants PN II, Inc.,*
          *dba Pulte Homes of Nevada, Pulte Building*
          *Systems, LLC Del Webb Communities, Inc.,*
          *And Centex Homes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the above DEFENDANTS PN II, INC., dba PULTE HOMES OF NEVADA, PULTE BUILDING SYSTEMS, LLC, DEL WEBB COMMUNITIES, INC., and CENTEX HOMES' MOTION TO STRIKE CLASS ALLEGATIONS was served on all counsel of record via the United States District Court CM/ECF system this 13th day of March, 2014.

_____
An Employee of Koeller, Nebeker, Carlson & Haluck, LLP